IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.      CV 117-062

FIROZ M. PATKA, M.D.,

    Defendant.

**ORDER**

Before the Court is Plaintiff's motion for default judgment. (Doc. 24.) For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

**I. BACKGROUND**

Defendant is a doctor of medicine registered to dispense Schedule II, III, IV, and V controlled substances in the State of Georgia. Plaintiff, the United States of America, alleges that Defendant violated Section 829 of the Controlled Substances Act ("CSA"), 21 U.S.C. § 829, by improperly dispensing Schedule II controlled substances. Specifically, Plaintiff claims that Defendant, who practiced at three different locations, would pre-sign blank prescriptions so that physician assistants — who otherwise could prescribe only Schedule III, IV, and V drugs —

could prescribe Schedule II controlled substances in Defendant's absence.

Plaintiff filed its complaint against Defendant on May 26, 2017. (Doc. 1.) Defendant failed to answer or otherwise appear. Plaintiff moved for an entry of default, and on December 22, 2017, the Clerk entered default against Defendant. (Docs. 20, 21.) On March 20, 2018, Plaintiff moved for default judgment against Defendant. (Doc. 24.) Plaintiff sought damages of $3.3 million and requested an evidentiary hearing to establish its requested damages. The Court held an evidentiary hearing on April 25, 2018, and heard evidence related to Defendant's liability as well as damages.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 55, a court may enter default judgment against a defendant when: (1) both subject-matter and personal jurisdiction exist; (2) the allegations in the complaint state a claim against the defendant; and (3) the plaintiff has shown the damages that it is entitled to. See Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356-58 (S.D. Ga. 2004).

"[A] defendant's default does not in itself warrant the court in entering a default judgment." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Default judgment is warranted only "when there is a sufficient basis in

2

the pleadings for the judgment entered." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (citation omitted) (internal quotation marks omitted). And although a "defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, [a defendant] is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. (citation omitted) (internal quotation marks omitted). The upshot of this standard is that "a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." Id. Thus, when evaluating a motion for default judgment, a court must look to see whether the "complaint contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted) (internal quotation marks omitted).

### 1. Jurisdiction

The Court has subject-matter jurisdiction because this case arises under federal law. 28 U.S.C. § 1331. It also has personal jurisdiction over Defendant because the conduct at issue occurred in the Southern District of Georgia. 21 U.S.C. § 842(c)(1)(A); see also Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923 (2011).

### 2. Liability

Plaintiff alleges that Defendant violated 21 U.S.C. § 842 by pre-signing blank prescriptions. Section 842 states

that "[i]t shall be unlawful for any person . . . who [is registered to dispense controlled substances] to distribute or dispense a controlled substance in violation of section 829 of this title." 21 U.S.C. § 842(a)(1). Section 829 states that "[e]xcept when dispensed directly by a practitioner, other than a pharmacist, to an ultimate user, no controlled substance in schedule II . . . may be dispensed without the written prescription of a practitioner . . . ." 21 U.S.C. § 829(a). For purposes of § 829, a valid "written prescription" means:

> A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription. An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of section 309 of the Act (21 U.S.C. 829) and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances.

21 C.F.R. § 1306.04.

The Court finds that Plaintiff sufficiently established that Defendant violated § 829 by unlawfully dispensing a schedule II controlled substance. Plaintiff made detailed allegations in its complaint that Defendant was pre-signing blank prescriptions so that his physician assistants could prescribe Schedule II drugs in his absence. (Doc. 1 ¶¶ 34-71.)

4

Plaintiff also alleged that Defendant's pre-signing of prescriptions was "outside the usual course of professional practice [and] in violation of the requirements of the CSA."[1] (Id.) Thus, Plaintiff's pleadings contain a sufficient basis to find Defendant liable.

### 3. Damages

Section 842(c) provides that every violation § 829 carries a civil penalty of up to $25,000. 21 U.S.C. § 842(c). The Government's allegations established 299 separate violations of § 829(a). The Court must now determine the appropriate civil penalty to impose.

"When determining monetary penalties under § 842(c), district courts have frequently considered four factors: (1) the level of defendant's culpability, (2) the public harm caused by the violations, (3) defendant's profits from the violations, and (4) defendant's ability to pay a penalty." Advance Pharmaceutical, Inc. v. United States, 391 F.3d 377, 399 (2d

---

[1] Additionally, Plaintiff included in its motion for default judgment evidence supporting the allegations made in its complaint. Specifically, it offered a written affidavit from an expert, Dr. Gene Kennedy, who declared that "it is the responsibility of the prescribing physician to validate each prescription under his signature" and "in a situation where schedule II prescriptions are being provided by physician assistants without oversight and on pre-signed prescription forms, all such prescriptions are illegal . . . outside the course of normal medical practice . . . [and] not medically legitimate." (Doc. 27-3, at 3.) Dr. Kennedy also declared that after reviewing a sample of patient files related to the prescriptions at issue, he believed that "[Defendant's] scheduled medication prescribing for these patients was outside the usual course of medical practice and not medically legitimate." (Id. at 2.)

Cir. 2004). After considering these factors, the Court finds that a penalty of $1,200,000 is appropriate in this case. In coming to its conclusion, the Court considered, among other things, Plaintiff's evidence of the street value of the prescribed drugs and Plaintiff's expert witness testimony discussing the negative public health consequences resulting from irresponsible opioid prescription practices.

### III. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's motion for default judgment (doc. 24) and **ORDERS** the Clerk to **ENTER JUDGMENT** in favor of Plaintiff and against Defendant in the amount of **$1,200,000**. The Clerk **SHALL CLOSE** this case and **TERMINATE** all deadlines.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of July, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA